IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JACKY STEWART and BRANDY ANDERSON, Individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Case No. 15-cv-1162-STA-egb ) |
| FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF BATESVILLE, LLC, | ) ) ) |
| Defendants. | ) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD TWO NAMED PLAINTIFFS FOR SETTLEMENT PURPOSES ONLY**

Following mediation with an experienced third-party neutral, Named Plaintiffs Jackie Stewart and Brandy Anderson, individually and on behalf of the opt-in Plaintiffs who joined this lawsuit, and Defendants Flowers Foods, Inc. ("Flowers Foods") and Flowers Baking Co. of Batesville, LLC ("FBC of Batesville") (collectively "the Parties") reached a proposed settlement in the above-captioned case.[1] The Parties respectfully request that the Court approve their proposed settlement of this Fair Labor Standards Act ("FLSA") collective action seeking alleged overtime compensation and dismiss this case with prejudice. As detailed below, the Court should grant the Parties' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' *bona fide* dispute as to liability and alleged damages under the FLSA. Additionally,

---

[1] The parties have filed the confidential settlement agreement under seal for the Court's *in camera* review. *See Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015) (Anderson, J.) (allowing the parties to submit an unredacted copy of the settlement agreement for *in camera* review); *Green v. Hepaco, LLC*, No. 13-2496 (Exhibit 1) (noting that "it is accepted practice within this Circuit for courts to review proposed FLSA settlements *in camera* and file the same under seal"); *Garrett v. Sitel*, No. 10-2900 (Exhibit 2) (Anderson, J.) (allowing the parties to file an FLSA settlement agreement under seal); *Zwerin v. 533 Short N. LLC*, 15 F. Supp. 3d 769, 771 (S.D. Ohio 2014) (accepting settlements agreements submitted for *in camera* review).

Plaintiffs also seek an award of attorneys' fees and costs, as well a service recognition payment to Named Plaintiffs for their efforts in this lawsuit to date. Defendants do not oppose these requests.

Finally, pursuant to Federal Rule of Civil Procedure 20, Plaintiffs request that the Court permit them to add Matthew Gilbert and Valentine Armstead as Named Plaintiffs so that settlement of their FLSA claims can be included in this Motion and the Parties' settlement agreement. While Defendants do not concede that Rule 20 joinder is otherwise appropriate, Defendants do not oppose this amendment for the limited purpose of effectuating a settlement.

## BACKGROUND

### I. Relevant procedural and factual history

On July 2, 2015, Named Plaintiffs, individually and on behalf of all other "similarly-situated" individuals, filed an FLSA collective action lawsuit against three Defendants: Flowers Foods, Inc. ("Flowers Foods"), Flowers Baking Co. of Batesville, LLC ("Flowers/Batesville"), and Ambassador Personnel ("Ambassador"). (Compl., D.E. # 1.)[2]

Flowers Foods is the parent company of numerous operating subsidiaries throughout the country, each of which is organized as a separate legal entity and responsible for its own day-to-day operations. FBC of Batesville is one such subsidiary. (Rich Aff., D.E. # 60-2, ¶ 2.)

Plaintiffs assert that they and other "similarly-situated" distributors have been misclassified as independent contractors. (Am. Compl., D.E. # 87 ¶¶ 1, 15-23.) They seek overtime on behalf of themselves and these other distributors. (*See id.* ¶¶ 51-59.) Additionally, each Named Plaintiffs asserts an individual retaliation claim. (*See id.* ¶¶ 60-64.) Currently, there are fourteen Plaintiffs total, including the Named Plaintiffs and twelve opt-ins: James Michael

---

[2] Plaintiffs subsequently agreed to voluntarily dismiss Ambassador from this lawsuit, and Ambassador was dismissed on February 3, 2016. (D.E. # 57). On September 28, 2016, Named Plaintiffs filed a First Amended Complaint, which the Flowers Defendants answered on October 12, 2016. (D.E. # 87, 92.)

Dick, Robert Oliver, Jr. Randall Cox, Delbert Armstrong, Brandon McCollins, Derek Smith, Keith B. Lewis, Orlando Shaw, Jamille Jones, John Hampton, Detrich K. Driver Talmadge Reynolds, Matthew Gilbert and Valentine Armstead (collectively, Plaintiffs"). All of these fourteen are either former distributors or no longer work out of warehouses located in Tennessee.[3]

Defendants strongly dispute these allegations and assert that Plaintiffs' claims fail for at least three separate, independently-sufficient reasons. First, Defendants contend that Plaintiffs have been properly classified as independent contractors. Second, Defendants contend even if Plaintiffs were employees, which is denied, they are otherwise exempt from the FLSA overtime provisions under the Motor Carrier Act ("MCA") exemption. 29 U.S.C. §213(b)(1). Third, Defendants contend even if Plaintiffs were employees, which is denied, they are also exempt under the FLSA's "outside sales" exemption. 29 U.S.C. §213(b)(1). In short, Defendants strongly contested these claims, and Plaintiffs faced a number of hurdles in this lawsuit.

On December 15, 2015, Plaintiffs moved for conditional certification and sought nationwide notice. (D.E. # 40.) On March 25, 2016, in their opposition to this Motion, Defendants contended that conditional certification was not appropriate. Alternatively, Defendants asserted that notice should be limited to distributors in Tennessee, as Plaintiffs had only proffered proof pertaining to such distributors. (D.E. # 60-1.) On August 12, 2016, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiffs' Motion be

---

[3] As discussed more fully below, conditional certification in this case was limited to distributors operating out of the warehouses in Tennessee. (D.E. # 81, 86.) One such warehouse, Malone Road, closed in October of 2014 and those distributors began working out of a warehouse in Mississippi. The only current distributor Plaintiffs are those who work out of the Tennessee warehouse.

3

granted but limiting notice to the State of Tennessee, and the Court adopted this Report and Recommendation on September 20, 2016.[4] (D.E. # 81, 86.)

After notice issued, six distributors opted into this lawsuit during the notice period. (*See* D.E. # 93- 95.) But because two of those individuals—Anthony Lurry and William Whitley—had not operated a distributorship within the applicable statute of limitations, on January 4, 2017, Defendants filed an unopposed motion to dismiss those opt-ins, which the Court granted on January 9, 2017. (*See* D.E. # 96, 97.)

Around this time, the parties discovered that a limited number of individuals who should have received notice had not received it. Specifically, for one year FBC of Batesville had operated a facility on "Malone Road" in Memphis, Tennessee. That facility closed in October 2014, and the distributors who had operated out of that warehouse thereafter began operating out of another warehouse in Mississippi (*i.e.*, outside the geographic scope of notice). (*See* D.E. # 98.) Because these distributors had run distributorships within Tennessee during the limitations period (albeit for a limited amount of time), the parties jointly moved for the notice period to be extended so that these individuals could receive notice. (*See id.*) The Court granted that motion. (*See* Doc. No. 99.). Notice went out to "Malone Road" distributors, and eleven individuals filed consent forms. (*See* D.E. # 102-103, 106.) One of these individuals, however, did not work as a distributor within the statute of limitations period. Two others—Mathew Gilbert and Valentine Armstead—did not actually operate their businesses out of the Malone Road facility, or any

---

[4] Based on the individualized inquiries applicable to the defenses above, absent settlement, Defendants would move for decertification.

other Tennessee facility, at any time. Thus, currently there are sixteen (16) Plaintiffs and opt-ins in this case.[5]

On February 28, 2017, the parties engaged in mediation before Anne C. Martin. Ms. Martin is an attorney in Nashville, Tennessee, specializing in labor and employment litigation and representing both plaintiffs and defendants. The mediation was conducted at arms-length, with two lawyers for the Defendants and three lawyers for the Plaintiffs participating. After several hours of extensive negotiations, the parties were finally able to reach a settlement for the sixteen distributors who have timely claims—including the two from outside of Tennessee who opted in during the second notice period, Gilbert and Armstead.

## II. Terms of the proposed settlement

### A. Settlement amount and allocation

The agreed-to settlement amount is $250,000.00, inclusive of attorneys' fees. From this amount, counsel for Plaintiffs seek an award of $100,000.00 as attorneys' fees and costs. *See* Declaration of Michael Russell (Exhibit 3); Declaration of Michael Weinman (Exhibit 4). If approved, this would allow the sixteen distributors to receive a collective award of $150,000.00. The amount each Plaintiff will receive depends on the amount of time they worked during the limitations period and whether they are a Named Plaintiff entitled to a service award.

### B. Release of claims

In exchange, the Named Plaintiffs and the Opt-Ins have agreed to dismiss this case, with prejudice. They have also agreed to waive and release the Defendants from all claims under the FLSA up to the period the Settlement Agreement is executed. Additionally, Named Plaintiffs, on behalf of themselves only, have agreed to release Defendants from any type of employment

---

[5] Defendants agreed to settle the claims of Gilbert and Armstead in connection with this settlement, even though these individuals do not fall within the conditionally-certified class and without admitting that an expanded class beyond Tennessee distributors would be appropriate.

claim or other claim pertaining to or related to their distributorships, including but not limited to the retaliation claims they advanced on behalf of themselves in the Amended Complaint.

### C. Other terms

The Settlement also contains various other terms designed to strengthen the Independent Contractor model moving forward.

## ARGUMENT

The Parties have reached a settlement agreement. The settlement fairly and reasonably resolves the Parties' claims and defenses, was negotiated at arms'-length between counsel for all parties, and the Court should enter an order approving the settlement accordingly.

### I. The proposed settlement appropriately resolves the parties' claims and defenses.

#### A. Standard for approval of settlement of FLSA collective actions

In the context of a private lawsuit brought under Section 216(b), a plaintiff may settle and release FLSA claims against a company if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back

6

wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B. A *bona fide* dispute exists over liability and damages.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.*; *Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A *bona fide* dispute exists in this case. Plaintiffs claim that they were misclassified as independent contractors and further contend that they are entitled to overtime under the FLSA. Defendants specifically deny these claims and further deny that Plaintiffs are owed any overtime under the FLSA. Defendants contend they have three avenues for success in this case—*i.e.*, Plaintiffs are not entitled to overtime because they are independent contractors, and, assuming Plaintiffs are employees, which is denied, they are otherwise exempt under the MCA and outside sales exemptions. All parties faced litigation risks in this case, particularly in light of a pending

appeal in the Fourth Circuit that could shed significant light on the applicability of the MCA to distributors.[6]

On top of the exemption-liability issue, the Parties also had opposing views on other damages components such as: (1) how to calculate damages, (2) whether liquidated damages were available; and (3) whether a two-year or three-year limitations period applied. Defendants claim to have had a good faith basis for believing that the distributors were independent contractors or otherwise exempt from the FLSA, particularly because the independent-contractor classification had survived legal scrutiny before. Moreover, Defendants argue eight of the distributors involved in this settlement only have timely claims if Plaintiffs succeed in showing a *willful* violation of the FLSA, which would render the three-year statute of limitations applicable. If a violation is not willful, the limitations period is only two years. *See id.* Defendants believe Plaintiffs face a significant risk that only the two year limitations period would apply and that 8 of the 16 would be entitled to no relief whatsoever.

Although both Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, and the uncertainty of dispositive motion practice and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for release of claims by Plaintiffs and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a

---

[6] Specifically, the Fourth Circuit is currently considering a case that raises this same issue—whether minimal personal vehicle use is sufficient to take an employee outside of the Motor Carrier Act Exemption. The district court below agreed with the position advanced by Flowers here.

reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

  **C.**  **The settlement is fair and reasonable.**

In addition to resolving a *bona fide* dispute between the Parties, the settlement achieved is fair and reasonable and should be approved for several reasons.

First, the proposed settlement arises out of an action for alleged unpaid overtime and other wages brought by Plaintiffs against their alleged employer. While the amount each Plaintiff obtains will necessarily depend on the amount of time he or she operated as a distributorship during the limitations period and whether they get a Service Award, the average amount received by each will be $9,375.00—a fair recovery considering that: (1) Defendants had three separate arguments for why the distributors should get no recovery at all, and (2) Defendants contend that liquidated damages were not available.

Second, there is no collusion that occurred between counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a result of arms-length negotiations between the Parties through experienced attorneys, with the help of a widely-respected mediator. An entire day of mediation was necessary to reach an agreement.

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel both respected in the community and experienced in handling wage and hour collective actions. Plaintiffs' counsel has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' counsel has a long-standing

multi-jurisdictional practice representing employees with claims against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims. Counsel for both Parties have advised their respective clients regarding the settlement representatives of whom were also at the Mediation, and they have recommended judicial approval: the Court should afford those recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Fourth, the range of possible recovery in this case was uncertain. As noted above, the Parties had very divergent positions on damages components such as whether liquidated (double) damages were appropriate, whether Defendants acted willfully, and whether the fluctuating workweek overtime calculation method applied, and whether Defendants were entitled to any offset, in addition to the exemption liability issue. The Parties submitted substantial briefing to the mediator on all of these issues before mediation, and the mediator counseled both Parties as to their weaknesses and strengths in these areas.

Fifth, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect, obtain, and review evidence, evaluate their claims and defenses, understand the scope of potential damages, and engage in negotiations with the mutual understanding that continuing toward additional formal discovery and completing dispositive motion practice (including decertification) would be a difficult, costly, and uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant

time and resources completing written and deposition discovery, including depositions of the Named Plaintiffs, various opt-in plaintiffs, and Defendants' upper management witnesses. Similarly, if this case had not settled, the Parties would have spent significant time briefing decertification and drafting a dispositive motions: both Parties would have sought summary judgment on Defendants' exemption defenses and potentially some of the damages issues (*i.e.* liquidated damages, willfulness, and fluctuating workweek). After the resolution of these issues, the Parties may have faced the prospect of an expensive, lengthy jury trial as well as likely appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved in this litigation, preparation for the Parties' mediation session enabled counsel to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would bear if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

**II.     Plaintiffs' counsel's requested attorneys' fees and costs are reasonable and should be fully awarded.**

The proposed award of attorneys' fees and expenses is fair, reasonable, and should be approved. Defendant has agreed to pay to Class Counsel $100,000 for attorneys' fees, litigation expenses, and costs. Moreover, "the attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

In the Sixth Circuit, the only requirement for awards of attorneys' fees to class counsel is that the award "be reasonable under the circumstances." *Rawlings v. Prudential-Bache Property*, 9 F.3d 513, 516 (6th Cir. 1993); *see also Blum v. Stenson*, 465 U.S. 886, 893 (1984). "The Sixth Circuit currently accepts two methods of determining the reasonableness of a fee request": (1) the lodestar method, under which the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate, and (2) the percentage of the fund method, under which the court determines a percentage of the settlement to award to class counsel. *In re Telectronics Pacing Sys.*, 127 F. Supp. 2d 1029, 1041 (S.D. Ohio 2001); *see also Rawlings*, 9 F.3d at 517. "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved. For these reasons, it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings*, 9 F.3d at 516.

Because these decisions are fact-driven, the district court is given significant discretion both to select which method to use and to calculate the fee award. *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). However, the court must articulate both "the reasons for adopting a particular methodology and the factors considered in arriving at the fee." *Id.* at 280 (internal quotation marks omitted). "Often, but by no means invariably, the explanation will address these factors: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Id.* (quoting *Moulton v. U.S.*

*Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)). A district court may employ one method and then use the other method to cross-check the result. *See Gascho*, 822 F.3d at 280; *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). While such cross-checking is not required, the Sixth Circuit has found that it can "independently validate[]" an award of attorney's fees when the two amounts are similar, even if there is an error in the court's chosen method. *Id.* at 281; *see also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 501 (6th Cir. 2011). Both the district court's decision between the two methods and its calculations are reviewed for abuse of discretion. *Gascho*, 822 F.3d at 279.

In this case, the proposed attorney fee and cost award of $100,000.00 is appropriate under either the loadstar or the common fund method. As evidenced by the declaration of counsel, Plaintiffs' attorneys fees and costs exceed the $100,000.00 that has been requested. The declarations set forth the hourly rates claimed by counsel for Plaintiffs, the hours billed, the expenses incurred, all of which Plaintiffs contend were reasonable and necessary for a case of this nature. Moreover, counsel for Plaintiffs made counsel for Defendant aware that fees would exceed $100,000.00 through settlement, and Defendants have not challenged this assertion. This case was actively litigated, including the depositions of the named plaintiffs, extensive written discovery and document production, numerous contested motions, and a full day of mediation with Anne Martin, a skilled mediator and experienced employment lawyer in Nashville, Tennessee. Accordingly, Plaintiffs contend—and Defendants have not challenged that the attorneys' fees award reached as part of this settlement is fair and reasonable.

### III. The Court should allow Plaintiffs to add Matthew Gilbert and Valentine Armstead as Named Plaintiffs.

Plaintiffs request to amend the First Amended Complaint to add Gilbert and Armstead as Named Plaintiffs so that their FLSA claims can be resolved as part of the Parties' settlement

agreement. Plaintiffs assert that the Court should allow the permissive joinder of Gilbert and Armstead as Named Plaintiffs because they satisfy the requirements of Rule 20 and because the Parties' settlement agreement contemplates adding them as Named Plaintiffs to resolve their claims. Defendants do not oppose this amendment for the limited purpose of effectuating the Parties' settlement agreement, but Defendants do not concede that Rule 20 joinder is otherwise appropriate. Accordingly, the Parties request that the Court grant Plaintiffs' request to amend their First Amended Complaint to add Gilbert and Armstead as Named Plaintiffs.

## CONCLUSION

This FLSA collective action settlement is a product of an arms-length negotiation between counsel, which resolves a *bona fide* dispute over overtime and minimum wages. The settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the settlement amount to Plaintiffs in full as described above. Further, Plaintiffs' Counsel requests that this Court award as reasonable the attorneys' fees and litigation costs in the amount requested, as well as a service award to Jacky Stewart in the amount of $5,000 and Brandy Anderson in the amount of $5,000. Finally the Parties jointly request that this action be dismissed with prejudice.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*s/ Audrey M. Calkins*

Thomas L. Henderson (BPR # 11526)
Audrey M. Calkins (BPR # 30093)
International Place, Tower II
6410 Poplar Avenue, Suite 300

Memphis, TN 38119
(901) 767-6160
(901) 767-7411 (Facsimile)
thomas.henderson@odnss.com
audrey.calkins@odnss.com

Jonathan O. Harris (BPR # 21508)
401 Commerce Street, Suite 1200
Nashville, TN 37219
(615) 254-1900
(615) 254-1908 (Facsimile)
jon.harris@odnss.com

Margaret Santen Hanrahan (GA BPR # 578314)
       (*pro hac vice*)
201 South College Street, Suite 2300
Charlotte, NC 28244
(704) 342-2588
Maggie.hanrahan@odnss.com

**COUNSEL FOR DEFENDANTS FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF BATESVILLE, LLC**

*s/ Emily Emmons* (with permission)

Michael L. Russell (#20268)
Emily S. Emmons (#33281)
GILBERT RUSSELL MCWHERTER SCOTT BOBBITT, PLC
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37061
Telephone: (615) 354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

Michael L. Weinman
Robert Thomas
WEINMAN & ASSOCIATES
112 S. Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
(731) 423-5372 (facsimile)
mike@weinmanandassoc.com

15

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been filed with the Clerk of the United States District Court for the Western District of Tennessee using the CM/ECF system. The Court's CM/ECF system will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF system.

>Michael L. Weinman
>Robert Thomas
>WEINMAN & ASSOCIATES
>112 S. Liberty Street, Suite 321
>P.O. Box 266
>Jackson, TN 38302
>
>Michael Russell
>Emily S. Emmons
>GILBERT RUSSELL MCWHERTER SCOTT BOBBITT PLC
>341 Cool Springs Blvd., Suite 230
>Franklin, TN 37067
>
>
>*s/ Audrey M. Calkins*