# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JACKY STEWART and BRANDY ANDERSON, Individually, and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF BATESVILLE, LLC, )<br>)<br>Defendants. ) | Case No. 15-cv-1162-STA-egb |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT
## ORDER OF DISMISSAL

Before the Court is the parties' Joint Motion for Approval of FLSA Settlement and Plaintiffs' Unopposed Motion for Leave to Amend the Complaint to Add Two Named Plaintiffs for Settlement Purposes Only. The Court notes that the Motion for Leave to Amend the Complaint is unopposed. Accordingly, for good cause shown and without opposition, that Motion is **GRANTED**. But because the Court also approves the parties' proposed settlement, the Court will not require Plaintiffs to file a Second Amended Complaint naming Matthew Gilbert and Valentine Armstead as Named Plaintiffs. When the Clerk enters judgment, the Court instructs the Clerk to include Matthew Gilbert and Valentine Armstead as Named Plaintiffs in the caption of the judgment.

Additionally, the Court **GRANTS** the parties' Motion and approves the parties' proposed settlement. Where parties settle or compromise a Fair Labor Standards Act ("FLSA") claim, the

parties must seek court approval for the proposed settlement.[1] The court may enter a stipulated judgment after scrutinizing the settlement for fairness.[2] Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.[3] Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA.[4] "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime."[5] If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.[6]

Having reviewed the terms of the settlement here, the Court determines that the settlement is both fair and reasonable. The Court notes that the parties have litigated this matter since 2015. The parties exchanged records and mediated the claims. Both parties believe the agreement to be fair and reasonable, which weighs in favor of approval where, as here, the parties have engaged in discovery.[7] The Court approves the parties' settlement of their FLSA claims and the parties' Motion is **GRANTED**.  All claims shall be dismissed with prejudice.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: April 10, 2017

---

[1] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).
[2] *Id.*
[3] *Id.* at 1353-54.
[4] *Id.* at 1353 n.8.
[5] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (citing 29 U.S.C. §§ 206, 207).
[6] *Lynn's Food Stores*, 679 F.2d at 1354.
[7] *Gentrup v. Renovo Servs.*, LLC, 1:07CV430, 2011 WL 2532922 (S.D. Ohio June 24, 2011).